# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 13-302 (JRT/TNL) |
| | Related Case No. 18-1316 (JRT) |
| Plaintiff, | |
| v. | **ORDER DENYING 28 U.S.C. § 2255 MOTION** |
| MAURICE DIXON, | |
| Defendant. | |

Erica H. MacDonald, United States Attorney, and Andrew R. Winter, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Maurice Dixon, No. 17709-041, USP Terre Haute, P.O. Box 33, Terre Haute, IN 47808, *pro se*.

Maurice Dixon is serving a 136-month term of imprisonment. On May 11, 2018, Dixon filed a pro se motion under 28 U.S.C. § 2255 to challenge his sentence. Dixon relies on recent Supreme Court decisions *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to argue that his classification as a career offender is improper. On Aug. 27, 2018, Dixon filed a response to the United States' motion to dismiss, claiming that the Court—in light of *Johnson* and *Dimaya*—incorrectly applied enhancements for Hobbs Act violations he committed. Because the two cases do not entitle Dixon to any relief under § 2255, the Court will deny the motion.

On May 29, 2014, Maurice Dixon pleaded guilty to two counts of bank robbery in

violation of 18 U.S.C. § 2113(a).  (Indictment, Dec. 17, 2013, Docket No. 11; Minute Entry, May 29, 2014, Docket No. 37.)  He also stipulated to committing a string of uncharged robberies in violation of the "Hobbs Act," 18 U.S.C. § 1951.  (do not do a new paragraph here)

The Court determined that Dixon's prior felonies qualified him as a "career offender" under the 2014 United States Sentencing Guidelines ("Guidelines"). (Revised PSR at ¶ 136 (on file with the Court).)  Taking into account his status as a career offender, Dixon's Guidelines range was 151 to 188 months in prison.  (Statement of Reasons at 1, July 8, 2015, Docket No. 49.)

The Court entered judgment on June 17, 2015, and sentenced Dixon to a 136-month term of imprisonment followed by three years of supervised release.  (Am. Sentencing J. at 2-3, June 17, 2015, Docket No. 50.)  Now, nearly three years after judgment was entered, Dixon seeks to have his sentence reconsidered in light of *Johnson* and *Dimaya.*

## DISCUSSION

**I.     28 U.S.C. § 2255**

Section 2255(a) permits a federal prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Such relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result

in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

In this case, irrespective of whether—as the United States asserts—Dixon's claims are time-barred, they are nevertheless meritless. A defendant is a career offender for purposes of the Guidelines if he or she was at least 18 years old at the time of the charged offense, the charged offense is either a crime of violence or controlled substance offense, and the defendant has at least two prior felony convictions for crimes of violence or controlled substance offenses. *See* U.S.S.G. §§ 4B1.1, 4B1.2. The 2014 Guidelines defined a "crime of violence" as a crime which "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . or otherwise involves conduct that presents a serious risk of physical injury to another." 2014 U.S.S.G. § 4B1.2(a). The first prong is known as an elements clause, and the second is commonly referred to as a residual clause.

Dixon asserts that *Johnson* and *Dimaya* remove his prior felonies from being categorized as crimes of violence, because his "prior convictions . . . are not violent crimes" as defined in those cases.[1] (Def.'s Section 2255 Motion at 4, May 11, 2018, Docket No. 53.) However, *Johnson* and *Dimaya* do no such thing. *Johnson* and *Dimaya* held that residual clauses found in the Armed Career Criminal Act and the Immigration and Nationality Act were unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2560; *Dimaya*,

---

[1] Because Dixon believes that his crimes are no longer crimes of violence, he argues that he should not have been labeled a career offender, and that because his status as a career offender affected the guideline range, his sentence should be reconsidered.

138 S. Ct. at 1210. Neither case altered the definition of "crime of violence" under the Guidelines, nor did they affect whether his prior offenses were properly classified as crimes of violence.

While Dixon does not explicitly make such an argument, his motion could be construed as attempting to challenge the crime-of-violence provision of the Guidelines as unconstitutionally vague. Even if construed this way, Dixon is not entitled to relief. The Supreme Court has definitively stated that the "Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017).[2]

Dixon also argues that the Court incorrectly enhanced his base offense level because, in light of *Johnson* and *Dimaya*, Hobbs Act robberies can no longer be considered crimes of violence. However, Dixon is incorrect in his basic assumption. The Court did not enhance Dixon's base offense level because it considered Hobbs Act robberies to be crimes of violence. Instead, the Court determined that the base offense level for these robberies was 20, and applied a 4-level enhancement to some of these robberies because Dixon used a weapon. Regardless, this argument is largely irrelevant because his adjusted base offense level of 24 for the Hobbs Act robberies matched the base offense level of 24

---

[2] Additionally, although the residual clause of the crime-of-violence provision in the 2014 Guidelines was similar to the ones found unconstitutional in *Johnson* and *Dimaya*, the crimes used to determine that Dixon is a career offender—Bank Robbery, Rape, and First Degree Aggravated Robbery—likely all fall under the elements clause of the 2014 definition in §4B1.2(a). Thus, even if the residual clause of the crime-of-violence provision in the 2014 Guidelines could be attacked as unconstitutionally vague, Dixon would still have qualified as a career offender based on the elements clause.

for his two bank robberies. The Court considers only the highest base level of a defendant's individual crimes when determining a defendant's overall base level, and thus, even if the base level for his Hobbs Act violations were lowered, he would still have an overall level of 24 due to his bank robberies.

## II.    CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability for a Section 2255 Motion only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). The petitioner must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). The Court finds it unlikely that another court would decide the issues raised in Dixon's motion differently. The Court therefore concludes that Dixon has failed to make the required substantial showing of the denial of a constitutional right and, thus, will deny a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    The United States' Motion to Dismiss Dixon's §2255 Claim [Docket No. 58] is **GRANTED**.

2.    The United States' Motion to Stay [Docket No. 58] is **DENIED** as moot.

3.    Dixon's §2255 Motion to Vacate, Set Aside, or Correct Sentence [Docket

No. 53] is **DENIED.**

4. The Court does not certify for appeal under 28 U.S.C. §2253(c)(2) the issues raised in Defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 10, 2018          _____s/John R. Tunheim_____
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
         Chief Judge
         United States District Court