**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

                                      Crim. No. 13-302 (JRT/JJK)

                Plaintiff,

v.

MAURICE DIXON,

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO**
**MODIFY SENTENCE OF IMPRISONMENT**

                Defendant.

Katharine Buzicky, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, Saint Paul, MN 55101, for Plaintiff.

Douglas L. Micko, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for Defendant.

Defendant Maurice Dixon is serving a 136-month sentence after pleading guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Dixon has served more than ninety percent of his sentence and has asked the Court to grant him compassionate release because of his poor health conditions and so he can care for his adoptive mother. Because the Court finds these constitute "extraordinary and compelling reasons" for early release under 18 U.S.C. § 3582(c)(1)(A)(i), the Court will grant Dixon's motion.

**BACKGROUND**

In 2014, Defendant Maurice Dixon pled guilty to two bank robberies committed in November 2013, an offense under 18 U.S.C. § 2113(a).  (Sentencing J., July 8, 2015, Docket No. 48; Indictment, Dec. 17, 2013, Docket No. 11.)  The Court sentenced Dixon to a 136-month term of imprisonment for each count, to be served concurrently.  (Sentencing J. at 2.)  Dixon was also required to pay restitution and was subject to a three-year term of supervised release after his imprisonment.  (*Id.* at 3, 5.)

Dixon has spent almost a decade incarcerated and is now 56 years old.  *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited January 26, 2023).  He is currently located at the Minneapolis Residential Reentry Management (RRM) location and his anticipated release date is July 22, 2023.  *Id.*

Over the course of his incarceration, Dixon's health has declined dramatically.  He requires medical attention for hypertension, osteoarthritis, kyphosis, cervicalgia, multilevel disc osteophytes, and costochondritis.  (Def.'s Mot. Compassionate Release, Ex. G, at 38, 52, 55, 66, 70, Nov. 8, 2022, Docket No. 74.)  Dixon suffers from vision problems, specifically cataracts, myopia, and astigmatism.  (*Id.* at 52–53.)  He also requires dental care due to an ill-fitting prosthesis, a tooth abscess, and gum disease.  (*Id.* at 55, 114.)

Dixon has extensively sought medical treatment for this extensive list of ailments.  Unfortunately, the treatment he has received has been ineffective and much of his pain persists.  (*E.g., id.* at 53, 179.)  Further, Dixon has limited pain-management options

available to him while incarcerated because doctors recommend that individuals with hypertension avoid nonsteroidal anti-inflammatory drugs such as ibuprofen.[1]

On November 8, 2022, Dixon asked the Court to grant him compassionate release pursuant to 18 U.S.C. § 3582(c).  (Mot. Modify Sentence Imprisonment, Nov. 8, 2022, Docket No. 73.)   Dixon argues that his health conditions present extraordinary and compelling reasons for compassionate release.  (*Id.* at 1.)  Additionally, Dixon wishes to care for his ill adoptive mother in Illinois, who needs assistance at home, and probation has approved his release plan to reside with her.  (*Id.*)  He believes that his family situation constitutes an extraordinary and compelling reason to modify his sentence because he is the only available caretake for his mother.  (*Id.* at 12.)  Lastly, Dixon asserts that he has completed drug-education and vocational courses during his incarceration that will support him after his release.  (*Id.* at 2–3.)

The United States opposes Dixon's motion.   (Gov't Resp. Opp. Def.'s Mot. Compassionate Release, Nov. 16, 2022, Docket No. 76.)  The United States also asserts that Dixon's request is moot because he has transitioned to the reentry phase of his sentence at Minneapolis RRM, so he can seek medical treatment more easily.  (Letter to District Judge, Jan. 18, 2023, Docket No. 81.)

---

[1] *See* Stanley Snowden and Robert Nelson, *The Effects of Nonsteroidal Anti-Inflammatory Drugs on Blood Pressure in Hypertensive Patients*, Cardiology in Review, 19 Nat'l. Lib. Med. 4 (July 2011), available at https://pubmed.ncbi.nlm.nih.gov/21646872/.

**DISCUSSION**

As a preliminary matter, the Court has considered the United States' letter and finds that Dixon's motion for compassionate release is not moot. Dixon in part argues that compassionate release is warranted so he can care for his adoptive mother, who lives in Illinois. Dixon is currently at Minneapolis RRM in Minnesota—not near his mother in Chicago. Thus, his motion is not moot. The Court will therefore consider his compassionate release motion.

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). The law allows defendants, in addition to the Bureau of Prisons ("BOP"), to move for compassionate release after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier.[2]  18 U.S.C. § 3582(c)(1)(A).

The Court may modify a defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).

---

[2] Because the parties agree that Dixon's present motion is ripe for adjudication, the Court will not address this requirement in detail.

After careful consideration of the record, the Court finds that Dixon's health constitutes an extraordinary and compelling circumstance that warrants sentence reduction. Though not dispositive, the Court may consider the United States Sentencing Guidelines' commentary to USSG § 1B1.13 in determining if extraordinary and compelling circumstances exist. *See United States v. Crandall*, 25 F.4th 582, 584 (8th Cir. 2022). The Sentencing Guidelines indicate that extraordinary and compelling reasons exist if a defendant is suffering from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

Here, Dixon's medical ailments constitutes extraordinary and compelling circumstances. He sought treatment while incarcerated, but many of those treatments have been ineffective and he is unable to properly manage his pain. Therefore, his health conditions constitute extraordinary and compelling circumstances warranting compassionate release.

Even though Dixon has transitioned to Minneapolis RRM and presumably has more extensive access to medical resources than he did while in prison, his family circumstances still constitute an extraordinary and compelling circumstance warranting his early release. *See United States v. Loggins*, 966 F.3d 891, 892 (8th Cir. 2020) (noting that commentary to the Sentencing Guidelines lists family circumstances as potentially

"extraordinary and compelling" circumstances for compassionate release). The Sentencing Commission explains that family circumstances may constitute an extraordinary or compelling reasons when the defendant is the only available caretaker for an incapacitated close family member. *E.g.,* U.S.S.G. § 1B1.13 cmt. n.1(C). The BOP defines incapacitation as when the "family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer)." Fed. Bureau of Prisons, Program Statement 5050.50 at 7 (2019).[3] Though the BOP and Sentencing Commission focus on defendants who must care for their children, courts consider that caring for parents is also sufficient in some circumstances. *See United States v. Ledezma-Rodriguez*, 472 F. Supp. 3d 498, 507 (S.D. Iowa 2020).

Here, Dixon has shown that his mother is incapacitated and he is the only one who can care for her. Dixon's adoptive mother is 87 years old and suffers from diabetes, chronic obstructive pulmonary disease, and hypertension. (Def.'s Mot. Compassionate Release, Ex. H, at 345–46, Nov. 8, 2022, Docket No. 74.) She has "great difficulty completing basic household tasks such as cooking, cleaning, and laundry." (*Id.* at 345.) Her daughters do not live near her and are unable to care for her, and she is largely confined to a wheelchair. (*Id.*) Accordingly, the Court finds Dixon's family circumstances to be extraordinary and compelling and justify his early release.

---

[3] The Program Statement is accessible at https://www.bop.gov/policy/progstat/5050_050_EN.pdf; *see also Reno v. Koray*, 515 U.S. 50, 61 (1995) (holding that BOP program statements are entitled to some deference).

Further, the 18 U.S.C. § 3553(a) sentencing factors support modifying Dixon's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors). When considering a motion for compassionate release, the Court considers, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide a just punishment for the offense, and the need to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a).

The § 3553(a) sentencing factors weigh in favor of Dixon's compassionate release. Dixon has already served ninety-three percent of his sentence with good time credit, so there will not be any unwarranted sentencing disparities. Further, Dixon has had minimal disciplinary issues, which suggests he will not be a danger to the public. (Def.'s Mot. Compassionate Release, Ex. E, at 28–29, Nov. 8, 2022, Docket No. 74.)  Dixon also participated in many educational programs while incarcerated that demonstrate his rehabilitation. (*Id.*, Ex. A., at 3.)  These courses challenged him to build skills that will help him succeed after his release.

The progress Dixon has made during his incarceration, coupled with the requirements set forth for his supervised release, warrant the readjustment of his sentence and will support his transition out of custody.  The Court will therefore modify his sentence to eliminate the remainder of his term of imprisonment and to begin Dixon's three-year term of supervised release immediately.  Further, the Court will note that any

violation of the conditions of Dixon's supervised release will be grounds for revocation of supervised release and return to prison.

## CONCLUSION

In sum, extraordinary and compelling reasons warrant a reduction of Dixon's sentence, and such a reduction is consistent with the relevant sentencing factors and policy statements.  The Court will therefore grant Dixon's motion.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Modify Sentence of Imprisonment [Docket No. 73] is **GRANTED**.  It is further ordered:

1. Defendant be released from the custody of the Bureau of Prisons immediately.

2. Defendant will begin a three-year term of supervised release immediately, to be completed at 11009 South Wallace Street, Chicago, IL 60628.

3. Defendant shall report to the U.S. Probation Office in Chicago, Illinois within 72 hours of his release from Bureau of Prisons' custody.

DATED:  February 2, 2023
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge